IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SADIQ ADELEKE,                        §
                                      §
            Petitioner,               §
                                      §
v.                                    §            No. 4:14-CV-892-O
                                      §
WILLIAM STEPHENS, Director,           §
Texas Department of Criminal Justice, §
Correctional Institutions Division,   §
                                      §
            Respondent.               §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed

by Petitioner, Sadiq Adeleke, a state prisoner confined in the Correctional Institutions Division of

the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ,

Respondent.  After considering the pleadings and relief sought by Petitioner, the Court has concluded

that the petition should be dismissed as successive.  No service has issued upon Respondent.

## I.  BACKGROUND

Petitioner is serving a 40-year sentence in TDCJ for his March 19, 1997, conviction for

aggravated sexual assault of a child in Tarrant County, Texas.  Pet. at 2.  Petitioner has filed two

prior federal habeas petitions in this Court challenging the same conviction.  *Adeleke v. Dretke,* No.

4:04-CV-596-Y (dismissed as successive on November 1, 2004); *Adeleke v. Johnson,* 4:14-00-057-A

(denied on March 5, 2001).  The court takes judicial notice of the pleadings and state court records

filed in petitioner's prior federal habeas actions.

## II.  DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and

28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[1]  The Court

of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and

dismiss frivolous habeas petitions prior to any answer or other pleading by the state.  *Kiser v.*

*Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).  From the face of the instant petition and court records,

it is apparent that this is a second or successive petition.  *See* 28 U.S.C. § 2244(b)(2).

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state

prisoner pursuant to 28 U.S.C. § 2254.  28 U.S.C. § 2244(b)(1)-(2).  Under § 2244(b)(2), applicable

to this case, a claim presented in a second or successive petition that was not presented in a prior

petition must be dismissed unless the petitioner "shows that the claim relies on a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable[.]" *Id.* § 2244(b)(2)(A).  Further, before a petitioner may file a successive §

2254 petition, he must obtain authorization from the appropriate court of appeals.  28 U.S.C. §

2244(b)(3)(A).

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business.  The petition shall be examined promptly by the judge to whom it is assigned.  *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

Petitioner raises the same or similar procedurally-barred ineffective-assistance claims he raised in his prior petition(s), but he now relies on the Supreme Court decisions in *Martinez v. Ryan,* 132 S. Ct. 1309 (2012), and *Trevino v. Thaler,* 133 S. Ct. 1911 (2013), in an effort to obtain review of the claims.[2]  However, Petitioner cites to no Supreme Court precedent that *Martinez* and *Trevino* established a new and retroactive rule of constitutional law, within the meaning of § 2244(b)(2), or otherwise changed the law as to what constitutes a second or successive petition.[3]  *In re Paredes,* — Fed. Appx. —, 2014 WL 5420533, at *6 (5th Cir. Oct. 25, 2014); *Lambrix v. Secretary, Florida Dept. of Corrections,* 756 F.3d 1246, 1260 & n.28 (11th Cir. 2014); *Pagan-San Miguel v. United States,* 736 F.3d 44, 45 (1st Cir. 2013) (successive §2255 motion).  Accordingly, Petitioner must obtain permission to file a successive petition from the Fifth Circuit Court of Appeals.  He has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit.  Thus, this Court

---

[2]Under the procedural default doctrine, if a state prisoner "defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law . . . ." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).  In general, lack of an attorney and attorney error in state post-conviction proceedings do not establish cause to excuse a procedural default. *Id.* at 757.  In *Martinez,* the Supreme Court announced a narrow, equitable, and non-constitutional exception to *Coleman's* holding (that ineffective assistance of collateral counsel cannot serve as cause to excuse a procedural default) in the limited circumstances where (1) a state requires a prisoner to raise ineffective-trial-counsel claims at an initial-review collateral proceeding; (2) the prisoner failed properly to raise ineffective-trial-counsel claims in his state initial-review collateral proceeding; (3) the prisoner did not have collateral counsel or his counsel was ineffective; and (4) failing to excuse the prisoner's procedural default would cause the prisoner to lose a "substantial" ineffective-trial-counsel claim. *Arthur v. Thomas,* 739 F.3d 611, 629 (11th Cir. 2014) (citing *Martinez,* 132 S. Ct. at 1318).  In such a case, the Supreme Court explained that there may be "cause" to excuse the procedural default of the ineffective-trial-counsel claim. *Martinez,* 132 S. Ct. at 1319.  Subsequently, the Supreme Court extended *Martinez's* rule to cases where state law technically permits ineffective-trial-counsel claims on direct appeal but state procedures make it "virtually impossible" to actually raise ineffective-trial-counsel claims on direct appeal. *Trevino,* 133 S. Ct. at 1915, 1918-21.

[3]The petitioners in *Martinez* and *Trevino* sought "cause" to excuse the procedural default of the ineffective-assistance-of-trial-counsel claims in their respective *initial* § 2254 petitions, not their second or successive § 2254 petitions. *Martinez,* 132 S. Ct. at 1314; *Trevino,* 133 S. Ct. at 1915.

is without jurisdiction to consider the petition. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

## III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition is DISMISSED for lack of jurisdiction without prejudice to his right to seek authorization from the Fifth Circuit Court of Appeals to file a successive § 2254 petition.  All outstanding motions are denied.

**SO ORDERED** on this 7th day of November, 2014.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**